STATE *vs.* WILLIAM A. HOLLAND.

Cumberland.    Opinion April 24, 1925.

*It is not exceptional error to admit the testimony of an officer, offered by the State, for the sole purpose of corroborating the testimony of another officer who had testified that he had held a conversation by telephone with the respondent, whose voice he recognized, that such conversation took place.*

*If evidence is admissible for any purpose, exceptions to its admission will not be sustained unless it affirmatively appears that it was admitted for an unauthorized purpose.*

On exceptions. Respondent was indicted as a common seller of intoxicating liquors and found guilty by a jury. During the trial an officer testified that he held a certain telephone conversation with the respondent, whose voice he well recognized, and another officer, who did not know respondent's voice, was so placed as to hear both parties to the conversation, and the latter officer was permitted to testify to what was said, and exceptions were entered by respondent. Exceptions overruled. Judgment for the State.

The opinion states the case.

*Ralph M. Ingalls, County Attorney,* for the State.
*William C. Eaton,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, BARNES, JJ.

DEASY, J., concurring in result.

PHILBROOK, J.   Exceptions to the admission of certain testimony offered by the State in the trial of the respondent upon an indictment charging him with being a common seller of intoxicating liquor.

Harold B. Stanley, a Deputy Sheriff, testified that upon a certain occasion he held a telephone conversation with the respondent; that Ray Goss, another Deputy Sheriff, was near the telephone; that the receiver of the instrument was so held that Goss could hear the conversation from Stanley through the transmitter and the replies from the other person through the receiver.

Against the objection of the respondent, Goss testified that he was present and heard the party on the other end of the line respond to Stanley's questions but did not recognize the voice of that party. Subject to further objection, in answer to what conversation he heard, he testified as follows:   "A man's voice came over the wire. Mr. Stanley says, 'Hello, is that you Bill?'   It says 'yes.'   'Did you get your money for that stuff I got the other night; the stuff is all right, and I want to make sure, because I might want some more soon.'   He says, 'yes, I got my money all right'."

In argument the respondent's counsel says that the precise question before this court is whether the witness Goss should have been allowed, against respondent's exception, to testify to the text of a telephone conversation which he claimed to overhear between the witness Stanley and some other person whom he, Goss, could in no way identify.

It appears from the record that Goss had been excluded from the court room while Stanley was testifying and therefore had no means of knowing Stanley's testimony as to what the conversation was. The respondent does not deny that Stanley was properly allowed to testify as to the conversation because he identified the respondent by his voice, but that Goss could not testify to the text of the conversation because he had no means of identifying the person on the other end of the wire.

The State claims that the testimony of Goss, thus objected to, was not offered to prove what the conversation was, in fact, but to

corroborate Stanley's testimony that a conversation was held; and, since Goss had been excluded from the court room when Stanley testified, that Goss should be permitted to repeat the conversation which he heard, in order that it might be made plain to the jury as to what conversation he referred to as being the conversation claimed by Stanley to have taken place. In other words the State claims that the testimony objected to was offered simply as corroboration of the testimony of Stanley that the conversation took place. Upon this ground the court admitted the testimony and, as we hold, in so doing was clearly correct.

If a party excepts to the admission of testimony, and it is apparent that it was admissible for any purpose, the excepting party has no ground of complaint if his exceptions are overruled unless he shows affirmatively that it was in fact admitted for an unauthorized purpose, and this should appear upon the face of the exceptions. *Dennen* v. *Haskell,* 45 Maine, 430. If evidence is admissible for any purpose, exceptions to its admission will not be sustained unless it affirmatively appears that it was admitted for an unauthorized purpose. *Booth Bros.* v. *Granite Company,* 115 Maine, 89.

*Exceptions overruled.*
*Judgment for the State.*